tribunal. The distinction between law and equity is as naked and as broad as ever. To entitle the plaintiff to an equitable interposition of the court, he must show a proper case for the interference of a court of chancery, and one in which he has no adequate or complete relief at law. The judgment vesting him with the legal title shows that he has a complete, appropriate and ample remedy at law by ejectment. These plain principles were entirely overlooked at the trial in the Court of Common Pleas, but, as before remarked, according to the decision of the majority of the court, the case was instituted and tried upon a misapprehension.

In this view of the subject we consider it unnecessary and inappropriate to discuss or render an opinion upon certain questions which have been argued by counsel. When the matters insisted upon are properly before this court they must be reviewed, but not till then. Wherefore it results that so much of the motion as asks for an affirmance of the judgment of the Court of Common Pleas will be overruled, and, in accordance with the mandate, the judgment of this court will be reversed and the petition dismissed. The other judges concur.

---

THE HOPE MUTUAL FIRE INSURANCE COMPANY, Respondent, *v.* HERMAN KOELLER, Appellant.

1. Hope Mutual Fire Ins. Co. v. Henry Beckman, *ante,* p. 93, affirmed.

*Appeal from Sixth District Court.*

*Lewis* and *Beckington,* for respondent.

*Bruere,* for appellant.

BLISS, Judge, delivered the opinion of the court.

All the substantial questions raised by this record have been considered at this term in the case of same plaintiff against Henry Beckman.

The other judges concurring, the judgment is affirmed.